813 A.2d 672

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph SCOLIERI, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2002.

Decided Dec. 31, 2002.

Jerome DeRiso, Pittsburgh, for Joseph Scolieri.

Carla M. DiCicco, Sally Katherine Kaye, Pittsburgh, for Commonwealth of Pennsylvania.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Justice NEWMAN.

█ Notwithstanding the seriousness with which we consider the problem of underage drinking, we must accept that when the General Assembly selects words to use in a statute, it has chosen them purposefully. 1 Pa.C.S. § 1921(b). We cannot change those words to reflect our own public policy concerns, nor can we edit them based on the supposition that we know what the General Assembly meant to say when it said something different. Where, as here, we do not believe that application of the words of the General Assembly would yield an absurd or unconstitutional result, we accord them their plain meaning, even if we may have drafted the statute differently. 1 Pa.C.S. §§ 1903, 1922. For the reasons set forth herein, we reverse the Order of the Superior Court.

This appeal involves the interpretation of Section 6310.1(a) of the Crimes Code, 18 Pa.C.S. § 6310.1(a), entitled "Selling or furnishing liquor or malt or brewed beverages to minors," which the Commonwealth contends Joseph Scolieri (hereinafter, Appellant) violated. The statute provides, in pertinent part:

[A] person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

*Id.* (emphasis added).[1] Although the trial court convicted Appellant of violating Section 6301(a) of the Crimes Code, it

---

1. 18 Pa.C.S. § 6310.1(a), the offense that the Commonwealth charged Appellant with, should be distinguished from Section 4-493(1) of the

found that the Commonwealth "failed to prove beyond a reasonable doubt that the defendant knew that the person served was less than 21 years of age." [2] The question for us is whether the terms of Section 6310.1(a) of the Crimes Code required the Commonwealth to prove that Appellant knew that the purchaser was a minor. [3]

## FACTS AND PROCEDURAL HISTORY

On February 18, 2000, police arrested Appellant and charged him with violation of Section 4-493(1) of the Crimes Code. On September 26, 2000, Appellant waived his right to a jury trial and the case proceeded before Allegheny County Court of Common Pleas, Senior Judge Raymond A. Novak. The first witness to testify at trial was Joshua Fosnight (hereinafter, Josh), who, at all times relevant to the charges against Appellant, was sixteen years of age. Josh explained that he first met Appellant in late September to early November 1999, at the Econo Lodge Bar at the Gaslight Steak House located in Hampton Township (hereinafter, the Bar). Josh

Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. § 4-493(1), which does *not* have a *mens rea* requirement but, nevertheless, permits prosecution of licensees and their agents for furnishing liquor to minors. Section 4-493 of the Liquor Code provides, in pertinent part:

It shall be unlawful—

\* \* \* \*

(1) For any licensee or the board, or any employe[e], servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits.

47 P.S. § 4-493(1).

2. The findings of fact of the trial court were within its discretion and consistent with the evidence presented at trial. Accordingly, we are bound by them. *Triffin v. Dillabough*, 552 Pa. 550, 716 A.2d 605, 607 (1998).

3. Violation of 18 Pa.C.S. § 6310.1(a) is a misdemeanor of the third degree, which carries a maximum sentence of one year. 18 Pa.C.S. § 1104. The trial court sentenced Appellant to serve a period of incarceration of thirty days and one-year probation. *Commonwealth v. Scolieri*, No. 199901978 slip op. at 5 (C.P.Pa. filed April 17, 2001).

stated that a friend from work introduced him to Appellant and told Appellant to take care of him. Josh testified that at no time, including during the initial meeting, did Appellant ask him for identification and Josh denied ever showing him any. Nevertheless, Josh said that from time to time Appellant sold him alcohol, which Josh claimed he always took out of the Bar.

Josh testified that on February 18, 2000, at approximately 7:30 P.M., he went to the Bar, paid Appellant $30.00, and Appellant provided him with a bottle of Absolut Vodka. Josh further testified that he then got into his girlfriend's truck (she had been waiting for him), drove to a gas station to purchase cups and orange juice and, together, they proceeded to finish the entire bottle of vodka. The two then went to dinner and on the way home they stopped back at the Bar where Josh purchased another bottle of vodka, which he said his girlfriend wanted for the weekend. Josh went home at approximately 11:00 P.M.

Josh's father Timothy Fosnight (hereinafter, Mr. Fosnight), and the arresting officer were the next witnesses to testify. Mr. Fosnight told the court that he noticed an obvious smell of alcohol on his son's breath when Josh entered his bedroom and leaned over him to give him a kiss goodnight. Josh admitted to his father that he purchased alcohol from Appellant. Mr. Fosnight called police and arranged for Josh to return to the bar the very same night to purchase a case of beer from Appellant. Close to the Bar, police made sure that Josh had no identification and Mr. Fosnight provided him with $50.00 to purchase alcohol from Appellant. Police allowed Josh to drive his car to the Bar. Josh entered the Bar and Mr. Fosnight and his wife watched in close proximity where they soon witnessed Appellant placing a case of beer into the car that his son had been driving. Police then arrested Appellant.[4]

At the conclusion of the testimony of the arresting officer, the Commonwealth rested its case and Appellant moved for a

---

4. Appellant stipulated that the transaction occurred so as to avoid the testimony of Josh's aunt who had positioned herself at the bar when Josh entered to purchase beer.

judgment of acquittal. Counsel argued that the charges against Appellant should be dismissed because the statute the Commonwealth chose to prosecute him under, Section 6310.1(a) of the Crimes Code, required that the Commonwealth prove that Appellant **knowingly** provided the beverage to a minor and that the Commonwealth had failed to prove such knowledge. The trial court denied the motion for acquittal and Appellant was forced to present his case.

Appellant then testified on his own behalf. He claimed that on February 18, 2000, he was a bartender at the Bar. Also, Appellant explained that he met Josh at the Bar several months earlier at which time Appellant requested, and Josh provided him, with proof of age. According to Appellant, the identification indicated that Josh was twenty-two years old. Appellant admitted that at approximately midnight on February 18, 2000, Josh had come into the bar and asked to purchase a case of beer.[5] Appellant explained that when Josh gave him money, he sold Josh a case of beer and placed it into the trunk of Josh's car. Appellant went on to testify that he "cards everybody," and he denied knowing that Josh was underage, and stated that he did not intend to serve someone who was underage.

Upon resting his case, counsel for Appellant requested that the charges be dismissed because the Commonwealth had failed to prove the *mens rea* requirement of the statute, which he contended required the Commonwealth to prove that Appellant knowingly sold alcohol to a minor. In response, the court observed that Josh looked older than his age. Specifically, the court found that:

> [B]ased upon my view of this young man who is a very big young man, and although it was my opinion that any bartender that would serve him would be well advised to card him he is a very, very big teenager and does appear older than his stated, than his actual age.

(Notes of Testimony September 26, 2000 at 62.) The court then found as a matter of fact that the "Commonwealth has

5. Appellant denied that he sold Appellant the vodka or any other liquor.

failed to prove beyond a reasonable doubt that defendant knew that the person served was less than 21 years of age." *Id.* Nevertheless, it interpreted the statute [6] in such a way so as to convict Appellant. The trial court explained:

My finding is that the statute requires that the Commonwealth prove beyond a reasonable doubt that the defendant intentionally and knowingly furnished liquor or malt beverage to a person, and that the words "intentionally" and "knowingly" modify the word "furnished."

I find that the plain reading of the statute does not require that the Commonwealth prove that the defendant knew that the person was 21 years of age.

Trial Court Opinion dated April 17, 2001 at 8.

The Superior Court affirmed, but on somewhat different grounds. *Commonwealth v. Scolieri,* No. 45 WDA 2001, slip op. at 1 (Pa.Super. filed December 23, 2001). The Superior Court interpreted the words "a person commits a misdemeanor of the third degree if he **intentionally and knowingly** sells . . . any liquor or malt or brewed beverages to a person who is less than 21 years of age," 18 Pa.C.S. § 6310.1(a), (emphasis added) to mean that "the Commonwealth must prove beyond a reasonable doubt that the person sold . . . alcoholic beverages when he or she knew or **should have known** that the person to whom [he or she] sold . . . the beverage was a minor." *Scolieri,* No. 45 WDA 2001 at 5 (emphasis in original). Although the Superior Court recognized that the trial court had determined that the Commonwealth had failed to prove that Appellant knew that Josh was a minor, the Superior Court opined that Appellant should have known that Josh was a minor and, therefore, upheld the conviction.

We granted allocatur to consider whether the Superior Court erred in interpreting Section 6310.1(a) of the Crimes Code, to require that the Commonwealth prove only that Appellant knew or should have known that the person to whom alcohol was furnished was a minor.

**6.**   18 Pa.C.S. § 6310.1(a).

666

### DISCUSSION

■■■■ In this case, the General Assembly used the words "intentionally and knowingly" to describe behavior that would warrant the imposition of a criminal penalty. Appellant is charged with a violation of Section 6310.1(a) of the Crimes Code, selling or furnishing liquor or malt or brewed beverages to minors. The statute provides:

> [A] person commits a misdemeanor of the third degree if he **intentionally and knowingly** sells or **intentionally and knowingly** furnishes, or purchases with intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

*Id.* (emphasis added). As we have often observed, when a statute has a bearing on the outcome of a case, we begin by analyzing the express words of the statute. *Kmonk Sullivan v. State Farm Mutual Auto. Ins. Co.*, 567 Pa. 514, 788 A.2d 955, 959 (2001). Absent constitutional concerns, we are constrained from altering those words unless a plain reading of them would yield an absurd result. 1 Pa.C.S. §§ 1921(b), 1922(1). In this case, we do not believe that application of the words of the General Assembly would yield an absurd result.

■■■■ Section 6310.1(a) provides, in pertinent part, that "a person commits a misdemeanor ... if he intentionally and knowingly sells ... any liquor or malt or brewed beverages to a person who is less than 21 years of age." As we pointed out in *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825, 829 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960), the General Assembly has drafted some statutes that include *mens rea* requirements and others that do not. For example, there we explained:

> [That in Section 493 of the Liquor Code,] the legislature has set forth twenty-five specific acts which are condemned as unlawful, and for which penalties are provided in Section 494. Subsections (1) and (14) of Section 493 contain the two offenses charged [in *Koczwara*]. In neither of these subsections is there any language which would require the prohibited acts to have been done either knowingly, willfully or intentionally, there being a significant absence of such

words as 'knowingly, willfully, etc.' That the legislature intended such a requirement in other related sections of the same Code is shown by examining Section 492(15), wherein it is made unlawful to **knowingly** sell any malt beverages to a person engaged in the business of illegally selling such beverages. The omission of any such word in the subsections of Section 494 is highly significant. It indicates a legislative intent to eliminate both knowledge and criminal intent as necessary ingredients of such offenses.

*Id.* at 829 (emphasis in original). We reasoned that in some statutes the General Assembly has omitted any requirement that prohibited acts be done knowingly or intentionally whereas in others it has made it unlawful to do other acts only if they were performed knowingly. *Compare* 47 P.S. § 4–493(1)–(14) *with* § 4–492(15). We then concluded that the omission of the words "knowingly" or "intentionally" from a statute is significant and "indicates a legislative intent to eliminate both knowledge and criminal intent as necessary" elements in a prosecution of those offenses. *Koczwara,* 155 A.2d at 829. The converse of this rule is also true. The inclusion of the words knowingly or intentionally in a statute indicates a legislative intent to require the inclusion of those *mens rea* requirements as "necessary ingredients of such offenses." *Id.*

The trial court convicted Appellant of the offense because it interpreted the words "intentionally" and "knowingly" as modifying the word furnishing and not expressing any requirement that a defendant know that he or she provided the beverage to a minor. The Superior Court took a different approach, but affirmed the conviction based upon a determination that the General Assembly meant the words "intentionally and knowingly" to require merely that a defendant knew or should have known that the buyer was a minor. We reject both formulations.

Essentially, the Superior Court determined that the General Assembly did not mean what it said and read the words "intentionally and knowingly" to mean "knew or should have known." *Scolieri,* 45 WDA 2001 at 5. This was error.

The construction the Superior Court gave to Section 6310.1(a) of the Crimes Code, improperly broadened the scope of the statute by reducing the culpable conduct required.

[P]enal statutes are to be strictly construed. *See* 1 Pa.C.S. § 1928(b)(1). The need for strict construction does not require that the words of a penal statute be given their narrowest possible meaning or that legislative intent be disregarded ... nor does it override the more general principle that the words of a statute must be construed according to their common and approved usage. It does mean, however, that where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt. Significantly, a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

*Commonwealth v. Booth,* 564 Pa. 228, 766 A.2d 843 (2001) (internal citations omitted). The Superior Court acted beyond its authority by permitting liability to attach where a defendant "should have known" that the purchaser was a minor because doing so improperly broadened the *mens rea* requirement of the statute.

Compounding that error, the Superior Court then implicitly made factual findings not reached by the trial court. Specifically, the Superior Court found that Appellant "should have known" that the person he provided alcohol to was a minor. Although one could reasonably view the Superior Court's "interpretation" as creating an improved statute, our appellate courts should neither act as an editor for the General Assembly nor should they usurp the role of the trial court as fact-finder. Clearly, even if it were to have been proper for the Superior Court to insert language into the statute, the Superior Court should not have taken it upon itself to find facts necessary to apply its new law.

Contrary to the statutory interpretation of the trial court, which limited the application of the *mens rea*

requirement to the word "furnish," the *mens rea* requirement applies to the entire statute. Indeed, where the General Assembly sets forth the *mens rea* requirement for a crime with several elements, the requirement generally applies to all elements. Section 302(d) of the Crimes Code so provides:

§ 302. General requirements of culpability

(d) Prescribed culpability requirement applies to all material elements.—When the law defining an offense prescribes the kind of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements thereof, such provision shall apply to all the material elements of the offense, unless a contrary purpose plainly appears.

18 Pa.C.S. § 302(d). Because the General Assembly has set forth the *mens rea* requirement of a knowing and intentional sale to a person who is a minor and no other "contrary purpose [of the *mens rea* requirement] plainly appears," *Id.*, we hold that conviction of the charged offense, set forth in Section 6310.1(a) of the Crimes Code requires proof that the sale to the minor was knowingly and intentionally undertaken.[7] 18 Pa.C.S. § 6310.1(a). Because the trial court found that the Commonwealth "failed to prove beyond a reasonable doubt that the [Appellant] knew that the person to whom he was selling was less than 21 years of age[,]" Trial Court Opinion at 8–9, this statute was not violated.

## CONCLUSION

The Commonwealth failed to prove the *mens rea* requirement of the statute. Consequently, Appellant's conviction must be overturned and the determination of the Superior Court reversed.

Justice SAYLOR files a dissenting opinion in which Justice CASTILLE and EAKIN join.

---

**7.** Again, the Commonwealth could have charged Appellant, as an agent or employee of a licensee, pursuant to 47 P.S. § 4–493(1), a statute that does not contain a *mens rea* requirement; however, Appellant was not charged with violation of that provision.

Justice SAYLOR, dissenting.

In holding that the "intentionally and knowingly" requirement applies across all elements of the substantive criminal offense described in Section 6310.1(a) of the Crimes Code, 18 Pa.C.S. § 6310.1(a), the majority invokes the interpretive provisions of Section 302 of the Crimes Code, to the effect that, when the statutory terms defining an offense prescribe the degree of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements, the culpability provision applies to all material elements unless a contrary purpose is plain. *See* Majority Opinion, *op.* at 678 (citing 18 Pa.C.S. § 302(d)).

I agree with the trial court's position, however, that Section 6310.1(a) is not structured to articulate a degree of culpability requisite to the overall offense. On the contrary, the intentionally and knowingly terms appear to apply to the clauses that immediately follow them, namely, those which describe the acts of selling, furnishing, or purchasing with intent to sell or furnish alcoholic beverages. This is reinforced by the reiteration of the salient intent requirement in proximity to each of these alternative actions identified. *See* 18 Pa.C.S. § 6310.1(a) (proscribing "intentionally and knowingly sell[ing]," "intentionally and knowingly furnish[ing]" and "purchases with intent to sell or furnish"). Additionally, such reading is consonant with the last antecedent rule of construction. *See generally Commonwealth v. Rosenbloom Finance Corp.,* 457 Pa. 496, 500, 325 A.2d 907, 909 (1974) (stating that "referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent, which consists of 'the last word, phrase or clause that can be made an antecedent without impairing the meaning of the sentence' " (citations omitted)). Moreover, this reading more closely accommodates the purposes of the statute, as the common pleas court observed:

If the Commonwealth were required to prove beyond a reasonable doubt that the person furnishing alcohol to a minor knew that he or she was under the age of 21, the statute would be virtually unenforceable. Given the appear-

ance of many young men and women between the ages of 18 and 21, it would be impossible to prove the offender knew that the person being served was under the age of 21. On the other hand, it is quite easy for the seller to require identification before the sale. It seems clear that the legislature placed the burden on the person serving alcohol to determine the age of the purchaser.

While it thus appears to me that no culpability terms are expressly indicated with respect to the age-of-the-recipient element of the Section 6310.1(a) offense, Section 302(c) of the Crimes Code sets forth a default, minimum degree of culpability of recklessness for material elements of an offense reposited in the Crimes Code as to which culpability is not specifically prescribed, *see* 18 Pa.C.S. § 302(c), other than summary offenses, *see* 18 Pa.C.S. § 305(a)(1). Although I therefore agree with the majority that the Superior Court's order of affirmance cannot be sustained on the court's reasoning, I would remand for a determination whether, on this record, a finding of recklessness is mandated,[1] since a valid verdict may be maintained for any proper reason appearing as of record.

Justice CASTILLE and Justice EAKIN join this dissenting opinion.

---

1. Under the Crimes Code, recklessness is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3). It is at least arguable, in my view, that a bartender who is charged with observance of the liquor laws, and who served alcohol without requiring identification to a patron designated by the factfinder as someone "any bartender that would serve ... would be well advised to card," R.R. at 78, has effectively been deemed to have acted in disregard the substantial and unjustifiable risk that the patron may in fact have been a minor.