**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Scott A. DERR, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 6, 2003.

Filed Jan. 15, 2004.

William T.C. Tully, Harrisburg, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before: FORD ELLIOTT, TODD and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellant Scott A. Derr appeals from his judgment of sentence entered on April 11, 2003, in the Cumberland County Court of Common Pleas. Following a bench trial, Appellant was convicted of carrying a firearm without a license, graded as a felony of the third degree;[1] carrying a loaded weapon other than a firearm;[2] driving under the influence of alcohol;[3] and operation following suspension of registration.[4] Appellant presents on appeal the issue of whether there was sufficient evidence to convict him on a felony charge of carrying a firearm without a license. Upon review, we affirm the judgment of sentence.

¶ 2 On May 16, 2002, the police received a phone call from Karen Derr, Appellant's mother, informing them that Appellant had recently driven away from her home while intoxicated. Officer Bingham, of the Camp Hill police department, was dispatched to the scene, and, shortly after arriving at Ms. Derr's home, he found Appellant's vehicle parked in an alleyway near his mother's home. When Officer Bingham approached Appellant's vehicle,

---

1. 18 Pa.C.S.A. § 6106(a)(1).

2. 18 Pa.C.S.A. § 6106.1(a).

3. 75 Pa.C.S.A. §§ 3731(a)(1), (4).

4. 75 Pa.C.S.A. § 1371.

he observed Appellant asleep in his vehicle. The keys were in the ignition, and Appellant was visibly intoxicated.[5] Officer Bingham found a shotgun, a loaded Colt .25 automatic handgun, and a bottle of vodka lying next to Appellant on the passenger seat of the vehicle.[6] Appellant was arrested and taken to the police station where he underwent a BAC screening. The results of the screening showed Appellant to have a BAC level of .325%.

¶ 3 Appellant was charged with and convicted of carrying a firearm without a license graded as a felony; carrying a loaded weapon other than a firearm; driving under the influence of alcohol; and operation following suspension of registration. He was acquitted of driving under suspension. On April 11, 2003, Appellant was sentenced to time served and ordered to pay fines and costs. Appellant timely appealed his judgment of sentence. On May 9, 2003, the trial court ordered Appellant to file a Pa.R.A.P.1925(b) statement. Appellant complied. The trial court filed an opinion pursuant to Pa.R.A.P.1925(a) on June 8, 2003.

¶ 4 On appeal, Appellant presents the following question for our review:

Did the trial court err in determining that the evidence presented at trial was sufficient to convict Appellant on the felony charge of firearms carried without a license (18 Pa.C.S.A. Sec. 6106(a)(1)[) ], *vis-a-vis,* the misdemeanor firearms offense (18 Pa.C.S.A. Sec. 6106(a)(2))?

Appellant's brief, at 4.

■■■ ¶ 5 When considering a challenge to the sufficiency of the evidence, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder.

*Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003) (*quoting Commonwealth v. Gooding,* 818 A.2d 546, 549 (Pa.Super.2003) (citations omitted)).

¶ 6 Appellant's sole argument is that driving under the influence does not constitute a "criminal violation" for purposes of 18 Pa.C.S.A. § 6301, and, therefore, the record only supports a misdemeanor conviction for carrying a firearm without a license as opposed to a felony conviction for carrying a firearm without ·a license. We disagree.

¶ 7 Section 6301(a), 18 Pa.C.S.A. provides:

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and

---

**5.** Officer Bingham testified that Appellant could not maintain his balance due to his intoxication. When Appellant exited the vehicle, Officer Bingham had to steady Appellant by holding his shoulders. N.T., 2/26/03, at 14.

**6.** Two additional shotguns were also found in Appellant's truck.

lawfully issued license and *has not committed any other criminal violation* commits a misdemeanor of the first degree.

(Emphasis added).

¶ 8 Appellant concedes that he was otherwise eligible to possess a valid firearm license;[7] therefore, the only issue is whether a conviction for driving under the influence of alcohol is considered a "criminal violation" for purposes of 18 Pa.C.S.A. § 6301. Appellant argues that the Legislature did not intend for driving under the influence to fall into the "any other criminal violation" category because driving under the influence is located in Title 75 of the Pennsylvania Statutes, which is the Vehicle Code, and not located in Title 18 of the Pennsylvania Statutes, which is the Crimes Code.

¶ 9 Driving under the influence of alcohol is clearly a criminal violation in Pennsylvania. It is a misdemeanor punishable by a minimum term of imprisonment and a fine. Driving under the influence of alcohol is a crime even though it is not contained within Title 18. We decline to accept Appellant's argument that the definition of "crimes" is limited to those offenses only listed within Title 18. There are numerous crimes which are not contained in Title 18. For example, The Controlled Substance, Drug, Device and Cosmetic Act, which makes the manufacture and sale of controlled substances criminal violations, is contained within Title 35, not Title 18. Domestic Relations statutes that give rise to criminal penalties are contained within Title 23 and the Liquor Code is contained within Title 47. Therefore, it is not necessary for a statute to be included within Title 18 to constitute a criminal violation. The Legislature did not limit the term "any other criminal

violation" to criminal violations contained within a specific title, and we decline Appellant's invitation to circumscribe the Legislature's intent. Thus, we find that Appellant's argument that the term "criminal violation" refers only to Title 18 fails.

¶ 10 Appellant relies on *Commonwealth v. Scolieri*, 571 Pa. 658, 813 A.2d 672 (2002), for the proposition that he should receive the benefit of the doubt because the scope of 18 Pa.C.S.A. § 6301(a) is not clear. Appellant's reliance on *Scolieri* is misplaced. In *Scolieri*, our Supreme Court held:

> [P]enal statutes are to be strictly construed. *See* 1 Pa.C.S. § 1928(b)(1). The need for strict construction does not require that the words of a penal statute be given their narrowest possible meaning or that legislative intent be disregarded...nor does it override the more general principle that the words of a statute must be construed according to their common and approved usage. It does mean, however, that where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt. Significantly, a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

*Scolieri*, at 668, 813 A.2d at 678 (*quoting Commonwealth v. Booth*, 564 Pa. 228, 234, 766 A.2d 843, 846 (2001) (internal citations omitted)).

¶ 11 We find Appellant's argument without merit because 18 Pa.C.S.A. § 6301(a) is not ambiguous. A violation of 18 Pa. C.S.A. § 6301(a) without committing an-

---

7.  *See* Appellant's brief, at 7.

other crime is a first-degree misdemeanor. A violation of 18 Pa.C.S.A. § 6301(a) in conjunction with the commission of any other criminal offense is a third-degree felony. As previously stated, driving under the influence of alcohol is a criminal offense. Thus, there was sufficient evidence to convict Appellant of the felony version of 18 Pa.C.S.A. § 6301(a).

¶ 12 We find that sufficient evidence existed to find Appellant guilty of 18 Pa. C.S.A. § 6301(a)(1).

¶ 13 Judgment of sentence affirmed.