J-S44027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF D.D.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.D.C. | |
| | No. 3400 EDA 2015 |

Appeal from the Dispositional Order Entered October 14, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-JV-0001393-2015

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 01, 2016**

Appellant D.D.C. appeals from the October 14, 2015 dispositional order[1] of the Court of Common Pleas of Philadelphia County ("juvenile court"), which adjudicated him delinquent of, *inter alia*, aggravated assault. For the reasons set forth below, we reverse the adjudication of delinquency based on aggravated assault, otherwise affirm the adjudication of delinquency, and remand this case for a new dispositional hearing.

The underlying incident in this case occurred on June 21, 2015. At about 6:00 p.m. on that day, ten to twelve boys, including Appellant,

---

[1] Although Appellant styles his appeal as being from the adjudication of delinquency, "the appealable order is not the adjudication of delinquency (the equivalent of a finding of guilt in criminal matters), but rather is the dispositional order (the equivalent of the judgment of sentence in criminal matters)." *In re J.D.*, 798 A.2d 210, 211 n.1 (Pa. Super. 2002). We have corrected the caption accordingly.

entered a pizzeria owned and operated by David Ouladdaoud ("victim"). N.T., Suppression Hearing, 10/2/2015, at 5-8. Upon entry, two of the boys placed orders while Appellant and the others loitered in the restaurant's dining room. *Id.* at 6-7. The victim informed the remaining children that they had to leave if they were not going to make any purchases. *Id.* at 7. Instead of leaving, the boys began to curse and act as if they "own[ed] the place." *Id.* at 7-8, 10. The victim asked again for the boys to leave and warned them to do so before he called 911. *Id.* at 10.

It was at this point that Appellant indicated that he had money and could buy something. *Id.* at 11. However, the victim deemed Appellant's offer too late and once more requested that Appellant and the others leave. *Id.* Appellant responded by twice picking up a trash can and throwing it on the floor.[2] *Id.* Appellant then picked up a yellow, plastic caution sign and swung it toward the victim twice, striking him once on the side. *Id.* at 12-14. It was only after the victim took hold of the sign and broke it into pieces that Appellant and the other boys finally left the pizzeria. *Id.* at 12, 14.

The victim followed the boys outside, whereupon he saw Appellant standing six to seven feet away on his right. *Id.* at 13, 16-17. Fixated on

---

[2] The two instances in which Appellant threw the trash can on the floor were separate events. The first occurred after the victim told Appellant that it was too late to place an order and had to leave. N.T., Suppression Hearing, 10/2/2015, at 11. Appellant then allowed the victim and his employees to pick up the mess and place the trash can back in its place before taking it and throwing it on the floor a second time. *Id.*

Appellant's position to his right, the victim was unaware that another boy to his left had taken possession of a large stick from a nearby tree. *Id*. at 15-16. The unidentified assailant then used the stick to deliver a sudden, hard strike to the victim's head. *Id*. 13, 17-18. Although the attack did not incapacitate the victim, it did cause significant blood loss. *Id.* at 19-20.

The delinquency petition later charged Appellant with the following offenses: disorderly conduct, criminal mischief, possession of an instrument of crime, reckless endangerment of another person, simple assault, and aggravated assault.[3] As to the aggravated assault charge, the petition specifically alleged that Appellant had delivered the blow with the stick. The juvenile court, however, declined to hold Appellant directly responsible for what actually had been the act of the other, stick-wielding boy. *Id.* at 55, 69-70. It likewise refused to find Appellant culpable for the attack as a co-conspirator. *Id.* at 54-55. Nonetheless, the juvenile court premised Appellant's liability for aggravated assault on his behavior with the plastic caution sign and found Appellant guilty of all charges except reckless endangerment. *Id.* at 69, 71-72. After adjudicating Appellant delinquent, the juvenile court placed him on probation and ordered, *inter alia*, that he live with his aunt and uncle, pay restitution to the victim, and participate in

_____

[3] 18 Pa.C.S.A. §§ 5503(a)(1), 3304(a), 907(a), 2705, 2701(a)(1), and 2702(a)(4), respectively.

individual and family therapy. N.T., Dispositional Hearing, 10/14/2015, at 14-16.

On appeal, Appellant challenges only the juvenile court's finding as to the aggravated assault charge. *See* Appellant's Brief at 11 n.2. To that end, he presents the following three issues for our review:

> 1. Did not the [juvenile] court violate due process of law by finding [Appellant] guilty of aggravated assault . . . where the *allegata* and *probata* did not match?
>
> 2. Was not the evidence of aggravated assault . . . insufficient to support a finding of guilt?
>
> 3. Did not the [juvenile] court err in adjudicating [Appellant] delinquent?

*Id.* at 4-5.

Appellant's first issue challenges the propriety of finding Appellant guilty of aggravated assault when the allegations in the delinquency petition did not match the evidence presented at trial. *Id.* at 15-20. Appellant argues that the behavior specified in the delinquency petition was the only conduct for which he could have been adjudicated delinquent of aggravated assault. *Id.* The Commonwealth, on the other hand, asserts that Appellant did not raise this issue before the juvenile court and thus waived it for appeal. Commonwealth's Brief at 7-8. We agree.

To preserve a discrepancy issue for appeal, one must typically object during the prosecution's opening or closing arguments or "contemporaneously to the presentation of the evidence." *Commonwealth v. Sanchez*, 36 A.3d 24, 42 (Pa. 2011). This case posed a peculiar

challenge for Appellant insofar as the Commonwealth made no closing argument and did not originally construe Appellant's actions with the caution sign as an aggravated assault. That the aggravated assault charge could relate to the incident with the caution sign was first intimated by the juvenile court during Appellant's closing statements. N.T., Suppression Hearing, 10/2/2015, at 69. However, nothing prevented Appellant from raising the discrepancy issue at that time. Instead, he merely disputed whether the caution sign qualified as a deadly weapon. *Id.* Appellant's first expression of the discrepancy issue came in his 1925(b) statement, which we have repeatedly said is insufficient to preserve a question for appeal. *See, e.g.,* *Hinkal v. Pardoe*, 133 A.3d 738, 746 (Pa. Super. 2016) (*en banc*); *Davis v. Woxall Hotel, Inc.*, 577 A.2d 636, 639 n.3 (Pa. Super. 1990). Thus, Appellant has waived his first issue and we need not consider it. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

With his second issue, Appellant asserts that the evidence adduced at the hearing was insufficient to support a finding of guilt for aggravated assault. Appellant's Brief at 20-24. Our standard of review when evaluating the sufficiency of evidence is well established: we "determine whether the evidence, and all reasonable inferences deducible [therefrom], viewed in the light most favorable to the Commonwealth as verdict winner, [was] sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007)

(quotation omitted). Moreover, we must evaluate the entire trial record and consider all evidence received by the juvenile court. *Commonwealth v. Watkins*, 843 A.2d 1203, 1211 (Pa. 2003).

Applying the above standard to the present case, we conclude that there was insufficient evidence to adjudicate Appellant delinquent of aggravated assault. Relevant to the present case, "[a] person is guilty of aggravated assault if he . . . attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4). As stated previously, the juvenile court based Appellant's liability for aggravated assault on his actions with the plastic caution sign. N.T., Suppression Hearing, 10/2/2015, at 69, 71-72. Appellant particularly challenges the juvenile court's tacit finding that the caution sign was a deadly weapon. Appellant's Brief at 22-23. While the record amply supports that Appellant attempted to cause the victim bodily injury, it is devoid of any evidence suggesting that the caution sign was a deadly weapon.

"A deadly weapon need not be, of course, an inherently lethal instrument or device." *Commonwealth v. McCullum*, 602 A.2d 313, 323 (Pa. 1992). In this case, the relevant inquiry is whether the caution sign was a "device or instrumentality which, in the manner in which it [was] used or intended to be used, [was] calculated or likely to produce death or serious

bodily injury."[4] 18 Pa.C.S.A. § 2301. Here, the testimony presented at the hearing established that Appellant swung the caution sign toward the victim twice, striking him once on his side. N.T., Suppression Hearing, 10/2/2015, at 12-14. Although the victim testified to being fifty years old at the time of the incident at the pizzeria, there was no evidence that the sign harmed him in any way.[5] Similarly, the juvenile court never entertained any evidence as to whether Appellant used, or intended to use, the sign in a manner "calculated or likely to produce death or serious bodily injury." Reviewing the totality of the record, we cannot say that the scant evidence in this case sufficed to prove, beyond a reasonable doubt, that the caution sign was a deadly weapon. Accordingly, we conclude that the juvenile court erred in adjudicating Appellant delinquent for aggravated assault.

Parenthetically, we address the Commonwealth's assertion that the evidence was sufficient to hold Appellant responsible for aggravated assault as a co-conspirator. *See* Commonwealth's Brief at 10. The Commonwealth's argument is misguided. The juvenile court expressly rejected the Commonwealth's proffer of a co-conspirator theory of liability. N.T., Suppression Hearing, 10/2/2015, at 54-55. Contrary to the

---

[4] A bodily injury is "serious" if it "creates a substantial risk of death or . . . causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

[5] The Commonwealth conceded that the caution sign had not caused a serious bodily injury. N.T., Suppression Hearing, 10/2/2015, at 70.

Commonwealth's characterization, the juvenile court's conclusion was not that it could not hold Appellant jointly liable; rather, it was that it *would not* do so in light of the Commonwealth's failure to satisfy its burdens of production and persuasion.  The juvenile court's finding being one of fact, we cannot re-weigh the evidence and thereby usurp its role as fact-finder.  **See Triffin v. Dillabough**, 716 A.2d 605, 607 (Pa. 1998) ("When this Court entertains an appeal originating from a non-jury trial, we are bound by the trial court's findings of fact, unless those findings are not based on competent evidence."); **accord Commonwealth v. Scolieri**, 813 A.2d 672, 674 n.2 (Pa. 2002).

In sum, the evidence presented before the juvenile court was insufficient to sustain the finding of delinquency for aggravated assault. Accordingly, we reverse the adjudication based on aggravated assault, but otherwise affirm the adjudication of delinquency.  Because our decision disrupts the basis for the dispositional order, we remand for a new dispositional hearing.

Adjudication reversed in part, and affirmed in part.  Case remanded for a new dispositional hearing.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2016