**[J-83-2019] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 1 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered June 14, |
| | : | 2018 at No. 1995 WDA 2014, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Westmoreland County entered |
| DENNIS ANDREW KATONA, | : | November 10, 2014 at No. CP-65- |
| | : | CR-0002549-2011. |
| Appellant | : | |
| | : | ARGUED: October 15, 2019 |

## CONCURRING OPINION

**JUSTICE MUNDY**                                   **DECIDED: OCTOBER 21, 2020**

I join the majority's opinion in full, but I write separately to express my opinion regarding the statutory interpretation of 18 Pa.C.S. § 5704(2)(iv) of the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), which the majority declines to address. In my view, Section 5704(2)(iv) does not preclude issuing orders that permit the interception of communications for thirty days when based on probable cause.

Section 5704 provides numerous exceptions to the prohibition against intercepting wire, electronic or oral communications. *See* 18 Pa.C.S. § 5704. Section 5704(2)(iv), the exception at issue in this matter, was enacted in response to our decision in *Commonwealth v. Brion*, 652 A.2d 287 (Pa. 1994). The issue in *Brion* was "whether, under the Pennsylvania Constitution, the police can send a confidential [informant] into the home of an individual to electronically record his conversations and transmit them

back to police." *Id.* at 287.  We explained that unlike other locations, recording communications inside one's home involves increased privacy concerns.  *Id.* at 289 ("For the right to privacy to mean anything, it must guarantee privacy to an individual in his own home.").  As a result, we held that, absent a determination of probable cause by a neutral judicial authority, such recordings inside the home violate Article I, Section 8 of the Pennsylvania Constitution.  *Id.  Brion* did not provide any parameters concerning time limitations on such orders.

In response to *Brion*, the legislature enacted Section 5704(2)(iv), and in my view, its objective was to make clear that law enforcement officers seeking to intercept communications in a suspect's home through the use of a confidential informant must secure an order supported by probable cause from a neutral judicial authority.  I do not believe that the legislature's silence with respect to duration of the order compels the conclusion that it must be limited to specific episodes.  Rather, the common-sense conclusion would be to apply the general time limitations for intercepting communications outlined in Section 5712(b), which provides as follows:

> **(b) Time limits.** — No order entered under this section shall authorize the interception of any wire, electronic or oral communication for a period of time in excess of that necessary under the circumstances . . . .  No order entered under this section shall authorize the interception of wire, electronic or oral communications for any period exceeding 30 days.  The 30-day period begins on the day on which the investigative or law enforcement officers or agency first begins to conduct an interception under the order, or ten days after the order is entered, whichever is earlier.  Extensions or renewals of such an order may be granted for additional periods of not more than 30 days each. . . .

18 Pa.C.S. § 5712(b).  Indeed, our rules of statutory interpretation direct us to construe statutes or parts of statutes relating to the same persons or things or to the same class of persons of things together as one statute when possible.  1 Pa.C.S. § 1932.  This

necessarily applies to the statutes encompassed in Chapter 54, which all address wiretapping and electronic surveillance. Because this general provision authorizes the interception of communications for thirty days, I would conclude that the instant order permitting the same was lawful.

This conclusion is also consistent with a plain language interpretation of the statute. *See* 1 Pa.C.S. § 1921(b); *Commonwealth v. Mock*, 219 A.3d 155 (Pa. 2019) ("The best indication of legislative intent is most often the plain language of the statute."). The title of Section 5704 refers to the interception of communications. The use of the plural "communications" in this provision signals that a single order may be used to intercept multiple exchanges, as opposed to single episodes. Moreover, the definition of "intercept" provided in Section 5702 refers to the plural "contents" of any wire, electronic or oral communication, further suggesting multiple exchanges are permissible.

Finally, I note that interpreting Section 5704(2)(iv) as allowing for interception of specific episodes is in conflict with the exceptions outlined in the statute, as the circumstances of this case demonstrate. Katona's arrangement with the confidential informant did not involve carrying out a completed drug sale during a single visit to the home. Instead, Katona would "front" contraband to the confidential informant, who would then make payments over a period of time. The instant order reflects the reality of this agreement by providing a window in which communications could be intercepted. If Section 5704(2)(iv) orders permit interception only for specific episodes, law enforcement would be unable to record the entirety of such a transaction without seeking an additional

order based on the same information relayed at the time the first was issued.[1]  Such a limited interpretation would also preclude interception of communications in a situation where a confidential informant and a suspect initially enter the home, briefly retreat outside, and then reenter the home.  The point of reentry would seem to constitute a new episode, requiring law enforcement to secure an additional order.  The legislature cannot have envisioned a rule where every single entry into a home for a consensual interception would require a separate warrant when it enacted Section 5704(2)(iv).

In response to the dissent's suggestion that the above analysis is not adequately detailed, I submit no further examination is necessary.  The dissent engages in a narrow, outcome-driven analysis, and as a result arrives at the tenuous conclusion that Section 5704(2)(iv) is "self-contained."  Dissenting Op. at 40.  In addition to ignoring the plain wording of the Wiretap Act outlined above, the dissent's conclusion also fails to acknowledge that if the General Assembly thought to distinguish between orders for consensual and nonconsensual intercepts, it would have plainly done so.  Under the tenets of statutory construction, this Court must presume the General Assembly deliberately chose the words it included in its 1994 amendment.  *See, e.g.*, *Commonwealth v. Scolieri*, 813 A.2d 672, 673 (Pa. 2002) ("we must accept that when the General Assembly selects words to use in a statute, it has chosen them purposefully.").  Presently, the General Assembly made no indication that Section 5704(2)(iv) is "self-contained," nor did it indicate orders for consensual and nonconsensual intercepts should be treated differently.  Rather, the legislature referred to orders of both types without

---

[1] This is not to say that an order issued pursuant to Section 5704(2)(iv) permitting interception of communications for an extended period of time may nonetheless be illegal where the affidavit of probable cause does not support a multi-day operation.

distinction throughout the statute.  In this way, the dissent is correct to point out that we must pay attention to what the statute says, as well as what it does not.  *See* Dissenting Op. at 31 (citing *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001)).  Unlike the afflicted reading of the relevant statutes offered by the dissent, the above analysis reveals their clear import: consensual intercepts issued pursuant to Section 5704(2)(iv) and supported by probable cause are subject to the thirty day time limit outlined in Section 5712(b).