J-A20023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THEODORE F. MARKOSKI, | |
| Appellant | No. 151 EDA 2015 |

Appeal from the Judgment of Sentence December 2, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-SA-0000490-2014

BEFORE: DONOHUE, SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 28, 2015**

Appellant, Theodore F. Markoski, appeals from the judgment of sentence entered following his conviction for violating restrictions on use of highways and bridges. We affirm.

The trial court summarized the underlying facts of this case as follows:

> The testimony at trial revealed that [Appellant] was the operator of a scrap metal truck. On May 7, 2014, [Appellant] was operating that vehicle traveling from Pottstown to Phoenixville. When [Appellant] entered Phoenixville, he was advised that the road on which he normally traveled was closed due to construction. [Appellant] began to use an "alternate route" in order to reach the scrap metal yard. In so doing, [Appellant] began to cross over the Fillmore Street Bridge. This bridge, which traverses railroad tracks, is posted with a 6,000 lb. limit.
>
> On this day and time, Officer Bucci of the Phoenixville Police Department was seated in his patrol car and observed [Appellant's] scrap metal truck cross over the bridge. Officer Bucci testified that he had received training from Pennsylvania

Department of Transportation and the State Police, and was certified by the Commonwealth as [a] weight inspector. The officer testified he had weighed nearly twenty vehicles prior to the date in question and had with him two portable scales.

Following the observation of [Appellant's] truck traversing the bridge, Officer Bucci pulled [Appellant] over and weighed the vehicle. [Officer Bucci] testified that the scales he used were certified as accurate and that the weight of the vehicle was 80,000 lbs., with a 3% PennDOT variance allowance.

Trial Court Opinion, 1/29/15, at 1-2.

On May 7, 2014, Appellant was charged with restrictions on use of highways and bridges, 75 Pa.C.S. §4902(a). On August 18, 2014, Appellant appeared at a summary trial before a district magistrate and was found guilty. Thereafter, Appellant appealed and proceeded to a *de novo* trial in the Court of Common Pleas of Chester County on December 2, 2014. Appellant was again convicted of the offense stated above and sentenced to pay a $21,000 fine, which was based upon the weight of the vehicle. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. WHETHER THE EVIDENCE WAS SUFFICIENT TO SHOW THAT THE BOROUGH OF PHOENIXVILLE HAD ADOPTED AN ORDINANCE ESTABLISHING A WEIGHT RESTRICTION ON THE BRIDGE IN QUESTION?

II. WHETHER THE EVIDENCE WAS SUFFICIENT TO ESTABLISH THAT AN ENGINEERING AND TRAFFIC STUDY WAS CONDUCTED SHOWING THE NEED FOR ANY WEIGHT RESTRICTION IMPOSED FOR THE ROAD/BRIDGE IN QUESTION?

III. WHETHER THE TRIAL COURT ERRED IN ADMITTING COMMONWEALTH'S EXHIBIT C-4 INTO EVIDENCE?

Appellant's Brief at 4.

Appellant's first two issues challenge the sufficiency of the evidence. When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (quoting *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id*. In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

In his first issue, Appellant argues that there was insufficient evidence presented by the Commonwealth to prove beyond a reasonable doubt that the Borough of Phoenixville adopted an ordinance pertaining to the Fillmore Street Bridge.

Appellant was convicted of driving over a bridge with a restricted weight limit. Section 4902 of the Motor Vehicle Code permits local authorities to impose restrictions on both highways and bridges, and provides, in relevant part, as follows:

**§ 4902. Restrictions on use of highways and bridges.**

**(a) Restrictions based on condition of highway or bridge.**

(1) The Commonwealth and **local authorities** with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge only when they determine by conducting an engineering and traffic study as provided for in department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.

75 Pa.C.S. § 4902(a)(1) (emphasis added).

Pursuant to the Motor Vehicle Code, the term "local authorities" is defined, in pertinent part, as follows:

**"Local authorities."** -- County, municipal and other local boards or bodies having authority to enact laws relating to traffic.

75 Pa.C.S. § 102.

Although the Commonwealth did not submit a certified copy of the ordinance restricting the weight on the Fillmore Street Bridge enacted by the Borough of Phoenixville into evidence, it was not required to do so. Section

6107 of the Judicial Code permits a court to take judicial notice of local government ordinances and provides, in relevant part, as follows:

> **§ 6107.  Judicial notice of certain local government ordinances.**
>
> **(a)  General rule. --** The ordinances of municipal corporations of this Commonwealth shall be judicially noticed.
>
> **(b)  Manner of proving ordinances. --** The tribunal may inform itself of such ordinances in such manner as it may deem proper and the tribunal may call upon counsel to aid it in obtaining such information.

42 Pa.C.S. § 6107(a) & (b).

Our review of the record reflects that the trial court took judicial notice of the applicable Phoenixville ordinance, and the Assistant District Attorney specifically informed the trial court that the ordinance could be found at "Section 15 [-] 301 of the Phoenixville Borough Ordinance."  N.T., 12/2/14, at 51-52.  Accordingly, Appellant's contrary claim lacks merit.

Appellant next argues that the Commonwealth failed to establish that the necessary engineering and traffic study had been conducted of the Fillmore Street Bridge as required under 75 Pa.C.S. § 4902(a)(1).

The trial court addressed this challenge to the sufficiency of the evidence as follows:

> A review of the transcript shows that the central focus of this trial was the issue over "engineering and traffic study."  As noted above, the reason for the appeal, as advanced by Appellant is this issue.  The statute requires that a study be provided in order to support roadway limitations, specifically that a highway or bridge may be damaged unless the use by certain vehicles is prohibited.

The Vehicle Code defines engineering and traffic studies as:

An orderly examination or analysis of physical features and traffic conditions conducted in accordance with regulations of the department and conforming to generally accepted engineering standards and practices for the purpose of ascertaining the need or lack of need for a particular action by the department or local authorities. 75 Pa.C.S.A. Section 102.

In the instant matter, [Appellant] produced Exhibit D-2, a 1995 document entitled "An Engineering Study for Fillmore Street over the Railroad Tunnel" written by the engineering firm of Bursich Associates. The document, which was admitted into evidence, in summary sets forth the results of an engineering study performed for the Fillmore Street overpass. The document states that various studies were conducted to evaluate the roadway's stability due to a recently-discovered collapse of the tunnel lining and a portion of the rock mass above the tunnel lining. The document goes on to spell out what was done as part of the engineering and traffic study. The document concludes that based on the information gathered in the study, it seems the collapse was a localized failure and could remain a viable tunnel as long as truck usage was prohibited. It goes on to discuss the fact that they needed to minimize the intensity of the dynamic loading on the subsurface material and to prevent future failures.

The Commonwealth introduced Exhibit C-4, which was a memorandum drafted to the Director of Public Works and copied to the Solicitor for the Borough of Phoenixville. The Borough Manager, who authored the memorandum, discussed the study. The memorandum recites in additional detail that the road could be open to car traffic only and all truck or vehicles over three tons should be prohibited. The Borough Manager then directs the Solicitor to draft for review, and potential adoption by Borough Council, an ordinance that follows the recommendation of this engineering and traffic study. There is no dispute that a local ordinance was adopted, that Fillmore Street in and about this area was properly posted, and the limitation has been in effect since approximately 1995.

[Appellant] argues that these documents, one introduced into evidence by him and one by the Commonwealth, were somehow insufficient or did not meet the "definition" of an engineering and traffic study.

After review of the definition contained [in] the Vehicle Code and the exhibits that were admitted into evidence, we concluded that the 1995 Bursich Associates study was an orderly examination and analysis of the physical features. It was conducted in accordance with general engineering standards and practices solely for the purpose of ascertaining whether there needed to be a restriction on the Fillmore Street tunnel. We concluded that this engineering and traffic study was done by the Borough of Phoenixville. The Borough of Phoenixville then lawfully adopted a weight limitation for the Fillmore Street tunnel based upon the Bursich Associates engineering and traffic study. The roadways were properly posted and all notice properly given.

Trial Court Opinion, 1/29/15, at 3-4. We agree with the trial court's determination in this regard and conclude that Appellant's contrary claim lacks merit.

Appellant last argues that the trial court erred in admitting into evidence a 1995 memorandum from the Phoenixville Borough Manager to the Phoenixville Director of Public Works, which is labeled Exhibit C-4.[1] Appellant contends that the memorandum, which makes reference to a study by Bursich Associates, was inadmissible hearsay and was offered to prove the matters asserted therein. Before we may address this issue, we

---

[1] We note the Commonwealth contends Appellant waived this issue for failure to present it in his Pa.R.A.P. 1925(b) statement. However, our review of the certified record reflects that Appellant did include the issue on the second page of his Pa.R.A.P. 1925(b) statement.

must first consider whether the claim presented by Appellant has been preserved for appellate review.

Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent a clear abuse of discretion. *Commonwealth v. Maloney*, 876 A.2d 1002, 1006 (Pa. Super. 2005). An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record. *Commonwealth v. Cameron*, 780 A.2d 688, 692 (Pa. Super. 2001).

Essentially, hearsay has been defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). *Commonwealth v. Smith*, 586 A.2d 957, 963 (Pa. Super. 1991). Hearsay testimony is not admissible in this Commonwealth, except as provided in the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 802. "The rationale for the hearsay rule is that hearsay is too untrustworthy to be considered by the trier of fact." *Commonwealth v. Bean*, 677 A.2d 842, 844 (Pa. Super. 1996).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Likewise, we have long held that claims not raised before the trial court are waived. **See Commonwealth v. Lopata**, 754 A.2d 685, 689 (Pa. Super. 2000) ("A claim which has not been raised before the trial court cannot be raised for the first time on appeal."); **Commonwealth v. Ryan**, 909 A.2d 839, 845 (Pa. Super. 2006) (citing **Commonwealth v. Gordon**, 528 A.2d 631, 638 (Pa. Super. 1987)) ("A theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief.").

Pennsylvania Rule of Evidence 103 addresses rulings on evidence and provides, in pertinent part, as follows:

**Rule 103. Rulings on Evidence**

**(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:

(1) if the ruling admits evidence, a party, on the record:

(A) makes a timely objection, motion to strike, or motion *in limine*; and

(B) states the specific ground, unless it was apparent from the context; . . .

Pa.R.E. 103(a)(1).

Our courts have held that in order to preserve a challenge to an evidentiary ruling, a party must make a timely and specific objection to the admission or exclusion of the evidence. A party's failure to make a specific objection deprives the trial court and the opposing party of the opportunity to either respond to the objection or to alter the course of the questioning accordingly. *Commonwealth v. Willis*, 552 A.2d 682, 690 (Pa. Super. 1988). Thus, the failure of a party to make a timely and specific objection to an evidentiary violation results in a waiver of that ground on appeal.

Appellant is challenging the admission of Exhibit C-4 as a violation of the rule against hearsay for the first time in his appellate brief. Appellant's Brief at 14. Our review of the record reflects that during Appellant's trial, Officer Christopher Bucci offered testimony regarding the incident in which Appellant drove his scrap metal truck over the Fillmore Street Bridge in violation of the posted weight restriction. N.T., 12/2/14, at 5-32. When the Commonwealth presented Exhibit C-4 to Officer Bucci, defense counsel raised the following objection:

> [DEFENSE COUNSEL]: Objection, your honor. It's nothing. Number one, it's a copy of a document; number two, I don't know that the officer knows who Mr. Whitman really is. I don't believe he was present in 1995, based on his testimony. I don't know if he knows who Mr. Pantano was, number two. This certainly does not amount to a traffic and engineering study, which is specifically required by the statute. So I definitely object to that document.

*Id*. at 18.

Defense counsel never objected to the admission of Exhibit C-4 on the theory that it was a violation of the hearsay rule. Therefore, we are constrained to conclude that such argument by Appellant is waived because Appellant failed to present the claim to the trial court in the first instance.[2] Hence, we cannot reach the merits of this issue because it is waived.

_____

[2] To the extent that Appellant argues that Exhibit C-4 was improperly admitted because it "had no probative value" and "was irrelevant," Appellant's Brief at 14, we observe that Appellant has failed to properly develop this claim for appellate review. It is undisputed that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority"). Where an appellant has failed to cite any relevant authority in support of a contention, the claim is waived. *Commonwealth v. Luktisch*, 680 A.2d 877, 879 n.1 (Pa. Super. 1996). We decline to review an appellant's argument that contains no discussion of or citation to relevant authority. *Commonwealth v. Russell*, 665 A.2d 1239, 1246 (Pa. Super. 1995). The argument section of Appellant's brief addressing his final issue only includes citation to the Pennsylvania Rules of Evidence relating to hearsay, and consists of general statements without any citation to relevant authority supporting an allegation the trial court erred in admitting Exhibit C-4 because it lacked probative value and was irrelevant. Appellant's Brief at 14. Accordingly, because Appellant has not developed any significant argument relating to this claim of trial court error in the argument section of his appellate brief, we deem this portion of his discussion to be waived.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *9/28/2015*