J-A01007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN PATTERSON | |
| Appellant | No. 2768 EDA 2014 |

Appeal from the Judgment of Sentence April 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011152-2009

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED February 22, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction on the charges of aggravated assault, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, possessing instruments of crime, and possession of a firearm prohibited.[1] Appellant contends (1) the trial court erred in admitting into evidence at trial a 911 call recording of an unidentified person; (2) the trial court erred in ruling that the prosecutor's comment during closing argument did not constitute prosecutorial misconduct; (3) the trial court erred in permitting the Commonwealth to "play the sympathy and emotion card" during its

---

[1] 18 Pa.C.S.A. §§ 2702, 6106, 6108, 907, and 6105, respectively.

*Former Justice specially assigned to the Superior Court.

direct examination of the victim's father; and (4) the trial court erred in refusing to give a "missing witness" jury instruction.[2]  We affirm.

The relevant facts and procedural history are as follows:  On March 31, 2009, Arcenio Alvarado was shot approximately nine times, leaving him paralyzed from the chest down.  Following an investigation, which included information received from an anonymous 911 caller, the police arrested Appellant as the shooter.  Thereafter, Appellant made a signed, recorded statement to the police, explaining that he shot Mr. Alvarado three or four times following a verbal altercation.[3]

Appellant filed a counseled pre-trial motion *in limine* seeking to exclude the introduction of the 911 tape; however, the trial court denied the motion.  Thereafter, represented by counsel, Appellant proceeded to a jury trial, during which the 911 recording from the anonymous caller was played.  At the conclusion of the trial, Appellant was convicted of the offenses indicated *supra*, and on April 14, 2014, the trial court sentenced him to an aggregate of eleven years to twenty-two years in prison.  On April 24, 2014, Appellant filed a timely, counseled post-sentence motion, which was denied

_____

[2] On October 30, 2015, the Commonwealth filed a "Motion For Leave to File Brief Out of Time."  We grant the motion.

[3] In his police statement, Appellant indicated that, on the night in question, he was with a man named Antwon Andrews, who shot the victim an additional five or six times.  However, since the only information the police had concerning Mr. Andrews' alleged participation was Appellant's uncorroborated statement, the police did not arrest Mr. Andrews.  Trial Court Opinion, filed 5/11/15, at 2 n.2.

- 2 -

by operation of law on August 25, 2014. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Appellant's first contention is that, over defense counsel's objection, the trial court erred in admitting into evidence at trial the 911 tape from the anonymous caller. In an undeveloped, one paragraph argument, Appellant suggests the 911 tape was inadmissible hearsay, and since "there was no required 'sufficient corroboration,'" the tape did not qualify for the excited utterance or the present sense impression exceptions. **See** Appellant's Brief at 8. In response, the Commonwealth avers Appellant has waived his claim, and alternatively, the claim lacks merit.

We agree with the Commonwealth that Appellant's undeveloped, conclusory argument hampers meaningful review. **Commonwealth v. McMullen**, 745 A.2d 683 (Pa.Super. 2000) (holding blanket assertions of error are insufficient to permit meaningful review). Moreover, we note that, although the trial transcript indicates a 911 tape was played in open court for the jury, N.T. Trial, 2/18/14, at 23, the recording was not properly transcribed.[4] Furthermore, we have not been provided with the tape.

---

[4] The trial court acknowledged in its opinion that the 911 tape was not properly transcribed. The trial court further indicated that "[a]s a courtesy," it listened to the tape and set forth in its opinion an "unofficial" transcription. Trial Court Opinion, filed 5/11/15, at 4 n.3. In essence, according to the trial court's transcription, the 911 caller indicated that somebody had just been shot at the intersection of Marshall and Tioga Streets, and the male shooter drove off in a gray, four-door Buick. **Id.** at 4-5.

Accordingly, we find Appellant's challenge to the admissibility of the 911 tape to be waived.[5] *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.") (citation omitted)).

Appellant's next contention is the trial court erred in ruling the prosecutor's comment during closing argument did not constitute prosecutorial misconduct. Specifically, Appellant contends the prosecutor committed misconduct when, during closing argument, he stated, "'Did Mr. Coard (i.e., defense counsel) ask about violence when he questioned the detective?'" Appellant's Brief at 9. In response, the Commonwealth advocates waiver of Appellant's claim. We agree that the claim is waived.

Preliminarily, we note that, though indicating closing arguments occurred on February 20, 2014, Appellant has not provided this Court with

_____

[5] In any event, based on our review of the 911 call, as set forth in the trial court's opinion, we agree with the trial court that there was evidence adduced at trial containing sufficient "other corroborating evidence" to justify its admission. Trial Court Opinion, filed 5/11/15, at 7; *Commonwealth v. Hood*, 872 A.2d 175 (Pa.Super. 2005) (suggesting that under either the excited utterance or present sense impression exception there must be sufficient independent corroborating evidence to permit admission). As the trial court indicated, the 911 caller's description of the fleeing vehicle "mirrored" the description provided by another witness, and the police found the victim at the intersection of Marshall and Tioga Streets, where the 911 caller indicated the shooting had occurred. *See* Trial Court Opinion, filed 5/11/15, at 7.

the relevant page of the notes of testimony where the prosecutor's statement, as well as defense counsel's necessary objection, may be located. *See* Appellant's Brief at 9. Moreover, we note Appellant provided this Court with a truncated transcript from February 20, 2014, which included only a portion of the prosecutor's closing statement. Nevertheless, we independently reviewed the portion of the prosecutor's closing statement, which was provided to this Court, and have been unable to locate the prosecutor's statement or defense counsel's objection. Thus, Appellant's claim is waived on this basis. *See Preston*, 904 A.2d at 7 ("In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.").

Additionally, as the Commonwealth astutely notes, Appellant's one paragraph appellate argument is devoid of necessary development, thus hampering meaningful review. *See McMullen*, *supra*. Simply put, Appellant's bald, conclusory assertions of error do not warrant relief.[6]

Appellant's next contention is the trial court erred in permitting the Commonwealth to "play the sympathy and emotion card" during its direct examination of the victim's father and erred in failing to give a curative

---

[6] Assuming, *arguendo*, Appellant's claim of prosecutorial misconduct during closing arguments is not waived for appellate review, we note the trial court, in its Pa.R.A.P. 1925(a) opinion, adequately addressed the claim, concluding Appellant is not entitled to relief. *See* Trial Court Opinion, filed 5/11/15, at 10-12.

instruction. In this regard, Appellant contends the Commonwealth improperly asked the victim's father about the victim's injuries and condition after the shooting, as well as about the victim's subsequent medical care at home. In response, the Commonwealth advocates waiver of Appellant's claim on the basis he presented an undeveloped, one paragraph argument.

We agree with the Commonwealth that Appellant's lack of development hampers review. *See McMullen*, *supra*. In any event, we have reviewed the direct examination of the victim's father, Adriel Alvarado. Appellant lodged three objections to Mr. Alvarado's direct examination testimony:

> **Q:** Sir, when you—did you actually physically touch [the victim] at that point?
> **A:** No.
> **[DEFENSE COUNSEL]:** Objection.
> **THE WITNESS:** No.
> **[DEFENSE COUNSEL]:** Relevance.
> **THE COURT:** Sustained.
> **Q:** When you saw [the victim], how close to [him] did you get?
> **A:** Like this. Like she's right there.
> **Q:** Okay. And let me ask you the relevance of that. Did you see the injuries to [the victim].
> **A:** No. I just seen the pool of blood.
> **Q:** Okay. Describe where you saw the pool of blood on [the victim].
> **[DEFENSE COUNSEL]:** Objection.
> **THE COURT:** Basis?
> **[DEFENSE COUNSEL]:** Relevance, Your Honor.
> **THE COURT:** Counsel, what is the relevance.
> **[PROSECUTOR]:** The injuries to this man, we're establishing the corpus through this man. That's the relevance.
> **THE COURT:** Overruled.
> **THE WITNESS:** His upper torso all shot up.
> ***

**Q:** The condition of your son now, I'm going to go back to that date in just a second. The condition of your son now to the day that we are standing here in court and questioning, has your son from the day of the shooting been able to walk?
**A:** No, he's paralyzed from his chest down.
**Q:** Okay. Let me ask you about the conditions in your home. Where is your son? Is your son at home with you now?
**A:** Yes.
**[DEFENSE COUNSEL]:** Objection. Relevance, Your Honor.
**THE COURT:** Overruled.
**Q:** And in terms of the care of your son, could you tell us, where does your son sleep?
**A:** He's in the living room in the corner in the hospital bed with all of his machines, but still with his air mattress.

N.T. Trial, 2/12/14, at 30-31, 38-39 (bold in original).

With regard to Appellant's first objection, the record reveals the trial court sustained the objection. Contrary to Appellant's assertion, Appellant did not request a curative instruction. *Commonwealth v. Bryant*, 579 Pa. 119, 855 A.2d 726 (2004) (indicating the failure to request a curative instruction constitutes a waiver of the claim of trial court error in failing to issue a curative instruction).

With regard to Appellant's second and third objections, which were based on relevancy, the record reveals the trial court overruled the objections.

It is well settled that questions concerning the admissibility of evidence lies within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent a clear abuse of discretion. *Commonwealth v. Maloney*, 876 A.2d 1002, 1006 (Pa.Super. 2005). An abuse of discretion is not merely an error of judgment, but is

- 7 -

rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record. **Commonwealth v. Cameron**, 780 A.2d 688 (Pa.Super. 2001).

Before any evidence is admissible in a criminal proceeding, it must be competent and relevant. **Commonwealth v. Freidl**, 834 A.2d 638 (Pa.Super. 2003). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. "Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." **Commonwealth v. Williams**, 91 A.3d 240, 242 (Pa.Super. 2014) (quoting Pa.R.E. 403).

In finding the evidence to be relevant, the trial court noted that Mr. Alvarado's testimony that he observed the victim lying in a pool of blood immediately after the shooting, as well as the fact the victim was paralyzed and living with assistance at his parents' home some time after the shooting, was relevant to show the victim suffered "serious bodily injury" for purposes of aggravated assault. **See** Trial Court Opinion, filed 5/11/15, at 14. We find no abuse of discretion in this regard.

To the extent Appellant suggests the evidence was overly emotional such that its probative value was outweighed by its prejudicial effect, we agree with the trial court that any prejudice from the admission of the evidence was not an unfair result of a jury's potential emotional response but was, instead, a fair result from the nature of Appellant's act itself. Accordingly, Appellant is not entitled to relief on this claim.

Appellant's final contention is the trial court erred in refusing to give a "missing witness" jury instruction as it relates to the victim, who did not testify at trial. In response, the Commonwealth advocates waiver of the claim. We agree with the Commonwealth that this claim has been waived for appellate review.

As indicated *supra*, Appellant has provided this Court with only a portion of the notes of testimony from the February 20, 2014, proceedings. While his pre-instruction request for, and the trial court's denial of, the "missing witness" instruction is included in the notes provided to us, **see** N.T. Trial, 2/20/14, at 4-6, the trial court's actual charge to the jury, and any corresponding objection to the actual charge, are not included therein. **See Commonwealth v. Pressley**, 584 Pa. 624, 632, 887 A.2d 220, 225 (2005) ("[T]he mere submission and subsequent denial of proposed points for charge that are . . . omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points.") (footnote omitted));

*Commonwealth v. Parker*, 104 A.3d 17, 29 (Pa. Super. 2014) (indicating even where an appellant objects to an instruction during the charging conference, the appellant must object to the actual instruction after it is given in order to preserve claims of error); *Preston*, 904 A.2d at 7 (indicating it is the appellant's responsibility to ensure this Court is provided with the necessary materials to permit review).

Additionally, Appellant's one paragraph appellate argument is devoid of necessary development, thus hampering meaningful review. *See McMullen*, *supra*. Simply put, Appellant's bald, conclusory assertions of error with respect to the jury instruction do not warrant relief.[7]

For all of the aforementioned reasons, we affirm. We direct the parties to attach a copy of the trial court opinion in the event of further proceedings.

Affirmed.

---

[7] Assuming, *arguendo*, Appellant claim that the trial court erred in refusing to instruct the jury with the "missing witness" charge as it relates to the victim is not waived for appellate review, the trial court adequately addressed the claim, concluding Appellant is not entitled to relief. *See* Trial Court Opinion, filed 5/11/15, at 15-17.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2016