J-S37024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RADEEM CORLEY, | |
| Appellant | No. 2102 EDA 2014 |

Appeal from the Judgment of Sentence February 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010350-2012 and
CP-51-CR-0010351-2012

BEFORE:  GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 22, 2015**

Appellant, Radeem Corley, appeals from the judgment of sentence entered on February 28, 2014, in the Philadelphia County Court of Common Pleas.  We affirm.

The record reflects that on May 24, 2012, Appellant, who was seventeen years of age at the time, opened fire with a handgun on a public street in Philadelphia.  Pretrial Report, 5/25/12, at 1; N.T., 11/20/13, at 35. At the time of the shooting, there were many people on the street for a large block party.  N.T., 11/20/13, at 77.  When the shooting concluded, thirteen-year-old Jenaya Johnson had been shot in the face, and thirteen-year-old Mellikha Swinton had been shot in the chest, neck, and stomach.  *Id*. at 12; N.T., 11/22/13, at 66-69.  Appellant was identified as the shooter and

arrested. N.T., 11/20/13, at 96. Appellant was charged with two counts each of aggravated assault, conspiracy to commit aggravated assault, criminal attempt (murder), possession of a firearm prohibited, firearm not to be carried without a license, carrying a firearm in public in Philadelphia, possession of a firearm by a minor, possessing an instrument of crime, simple assault, and recklessly endangering another person. Criminal Information, CP-51-CR-0010350-2012, 9/7/12, at 1-2 and Criminal Information, CP-51-CR-0010351-2012, 9/7/12, at 1-2.

Following a bench trial, Appellant was found guilty of all charges except criminal attempt (murder) at CP-51-CR-0010350-2012, and he was found guilty of aggravated assault and simple assault at CP-51-CR-001035-2012. On February 28, 2014, Appellant was sentenced at trial court docket number CP-51-CR-0010350-2012, relating to the shooting of Jenaya Johnson, to five to ten years of incarceration for aggravated assault; five to ten years of incarceration for conspiracy; two and one-half to five years of incarceration for possession of a firearm prohibited; three and one-half to seven years of incarceration for firearms not to be carried without a license; one to two years of incarceration for carrying a firearm in public in Philadelphia; one to two years of incarceration for possession of a firearm by a minor; and one to two years of incarceration for possessing an instrument

of crime.[1]   All sentences were ordered to be served consecutively.   That same day, Appellant was sentenced at trial court docket number CP-51-CR-0010351-2012, relating to the shooting of Mellikha Swinton, to five to ten years of incarceration for aggravated assault, consecutive to the sentence imposed at CP-51-CR-0010350-2012.   This resulted in an aggregated sentence of twenty-four to forty-eight years of incarceration.

Appellant filed a timely post-sentence motion that was denied by operation of law on July 9, 2014.  Appellant filed a timely appeal, and in an order filed on July 23, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b) within twenty-one days.   On August 13, 2014, Appellant filed a timely Pa.R.A.P 1925(b) statement in addition to a motion for an extension of time in which to file a supplemental Pa.R.A.P 1925(b) statement.   In an order filed on September 5, 2014, the trial court granted Appellant's motion for an extension of time permitting Appellant to file a supplemental Pa.R.A.P 1925(b) statement on or before Friday, September 26, 2014.   However, the docket reveals that Appellant's supplemental Pa.R.A.P 1925(b) statement was not filed until Monday, September 29, 2014.

It is well settled that when the trial court orders an appellant to file a statement of errors matters complained of on appeal, any issues not raised

---

[1]   The convictions for simple assault and recklessly endangering another person merged with aggravated assault for sentencing purposes at CP-51-CR-0010350-2012.

in a timely-filed Pa.R.A.P 1925(b) statement are waived. ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005) (citing ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998)). Here, the trial court concluded that, because Appellant's supplemental Pa.R.A.P 1925(b) was not filed until September 29, 2014, it would address only the issues raised in the original and timely-filed August 13, 2014 Pa.R.A.P 1925(b) statement. In a memorandum filed on August 27, 2015, this Court agreed with the trial court and found the issue raised in Appellant's supplemental Pa.R.A.P 1925(b) statement was waived.

However, following Appellant's application for reconsideration, this Court was satisfied that Appellant's supplemental Pa.R.A.P 1925(b) statement was electronically filed in a timely manner on September 26, 2014, but due to a breakdown in the court's operations, it was not docketed until September 29, 2014. Thus, we granted reconsideration, and we will address all of the issues Appellant raised in his appellate brief.

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Did not the trial court err as a matter of law and abuse its discretion by denying Appellant's constitutional right to present evidence that another party was the actual shooter when the court disallowed the testimony of defense witness Detective Rodney Hunt?
>
> 2. Did not the trial court err as a matter of law and abuse its discretion by sentencing Appellant to an aggregate term of 24 to 48 years, giving disproportionate weight to punishment and retribution and discounting significant mitigating factors resulting in an unbalanced and disproportionate weighing process leading

to an unreasonable and excessive sentence for a 17 year old with 2 prior juvenile adjudications?

3. Did not the court err as a matter of law and abuse its discretion by sentencing Appellant to multiple (5) consecutive terms for the same core conduct, that is possession of an instrument of crime and violation of four sections of the Uniform Firearms Act?

Appellant's Brief at 4.

In Appellant's first issue, he claims that the trial court erred in denying him the opportunity to present evidence that another party was the actual shooter when it precluded testimony from Detective Rodney Hunt. We disagree.

Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of discretion. *Commonwealth v. Maloney*, 876 A.2d 1002, 1006 (Pa. Super. 2005). An abuse of discretion is not merely an error of judgment but rather, is the overriding or misapplication of the law, the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record. *Commonwealth v. Ali*, 112 A.3d 1210, 1217-1218 (Pa. Super. 2015).

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Commonwealth v. Parker*, 104 A.3d 17, 21 (Pa. Super. 2014) (citing Pa.R.Evid. 801(c)). Hearsay testimony is not admissible except as provided in the Pennsylvania Rules of Evidence, by

other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 802. "The rationale for the hearsay rule is that hearsay is too untrustworthy to be considered by the trier of fact." *Commonwealth v. Kriner*, 915 A.2d 653, 656 (Pa. Super. 2007) (quoting *Commonwealth v. Bean*, 677 A.2d 842, 844 (Pa. Super. 1996)).

Here, Appellant sought to elicit testimony from Detective Hunt that one of the victims, Mellikha Swinton, identified the shooter as someone other than Appellant from a photo array. N.T., 11/22/13, at 71. The Commonwealth objected and claimed that any statement Detective Hunt would give as to whom the victim identified would be hearsay. *Id*. The trial court sustained the objection. *Id*. at 76.

Appellant argues that Detective Hunt's testimony is not hearsay. Appellant's Brief at 28. Appellant suggests that Detective Hunt's testimony "would have been limited to the Detective's description of his observations of complainant Mellikha Swinton's selection of a person from a photo array which did not contain an image of Appellant, and would include no iteration of any statement made by her, [and is] therefore not hearsay." *Id*. (footnote omitted). We disagree.

At the outset, we note that in order for Mellikha Swinton's identification of the shooter to be admissible, she was required to testify. Pa.R.E. 803.1(2). Here, however, Mellikha Swinton did not testify. At trial, the parties stipulated to the fact that Mellikha Swinton was living in a facility

for children with mental health issues. N.T., 11/22/13, at 66. Therefore, Mellikha Swinton's identification was never placed in issue, she could not testify as to her identification, and she was not subject to cross-examination.

Despite the inadmissibility of Mellikha Swinton's identification in the first instance, Appellant sought to elicit testimony from Detective Hunt that Mellikha Swinton allegedly identified someone other than Appellant when she was shown a photo array. We conclude Appellant's argument that Detective Hunt would testify only as to the observations he made while watching Mellikha Swinton review a photo array is disingenuous. Such testimony would be nothing more than Detective Hunt testifying as to whom Mellikha Swinton allegedly identified, or did not identify, as the shooter. Thus, the testimony would have been offered for nothing other than the truth of the matter asserted, *i.e.*, the identification of the shooter. Accordingly, we discern no error or abuse of discretion in the trial court sustaining the Commonwealth's objection.[2]

Both of Appellant's remaining claims challenge the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599

---

[2] To the extent Appellant now asserts that the trial court's exclusion of this testimony violated his right to due process under the United States and Pennsylvania Constitutions, those claims are waived as he did not raise those issues before the trial court. Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

(Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test required prior to our review of the merits of a discretionary challenge to a sentence: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912–913.

Appellant claims that the trial court abused its discretion by "giving disproportionate weight to punishment and retribution and discounting significant mitigating factors resulting in an unbalanced and disproportionate weighing process leading to an unreasonable and excessive sentence for a 17 year old with 2 prior juvenile adjudications[.]" Appellant's Brief at 4. We note that "[a]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted). Therefore, we will review the merits of Appellant's first challenge.

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957,

961 (Pa. 2007) (quotations and citations omitted).[3]  When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).  As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002).  In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. ***Id***.

---

[3]  The ***Walls*** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

***Walls***, 926 A.2d at 963.

In the case at bar, the trial court had the benefit of a presentence investigation report. N.T., 2/28/14, at 5. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." ***Id***., (citing ***Commonwealth v. Fowler***, 893 A.2d 758, 766-767 (Pa. Super. 2006)).

Here, the sentencing court addressed Appellant's claim of error as follows:

> In this case, this Court had the benefit of reviewing a presentence report, Appellant's prior record score, as well as the arguments of counsel. N.T. 2/28/14 at 10-11. It also heard testimony from Appellant's mother that he was a decent person "at the core" and felt remorseful about the mistakes he had made. N.T. 2/28/14 at 27-28. Although only seventeen (17) years old at the time of sentencing, Appellant had a long history of arrests and adjudications, with repeated commitments to youth detention facilities and a history of escalating crimes. N.T. 2/28/14 at 49-51. This Court considered all evidence introduced at trial, the fact that Appellant did not seem to have much regard for the gravity of his actions, the future protection of the community and Appellant's ability for rehabilitation, and the severity of the crimes and the injuries inflicted, in fashioning an appropriate sentence. N.T. 2/28/14 at 55-57. ***See***

> *Commonwealth v. Shugars*, 2006 PA Super 62, 895 A.2d 1270, 1275 (2006).

Trial Court Opinion, 10/21/14, at 17.

After review, we discern no abuse of discretion. As this Court previously stated, when the record conclusively establishes that the court was fully informed of all the mitigating factors:

> We presume that the court, which was in possession of those facts, applied them . . . . The sentencing court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range. We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.

*Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Here, the trial court heard the testimony from the witnesses, reviewed the presentence report, had the opportunity to evaluate the remorse expressed by Appellant, and carefully articulated its reasons for the sentence imposed. Accordingly, Appellant's claim that the trial court focused on the severity of the crime and failed to consider all relevant factors is without merit; we will not re-weigh those factors and impose our judgment in the place of the sentencing court. *Macias*, 968 A.2d at 778.

Appellant also claims that the court abused its discretion by sentencing Appellant to consecutive terms of incarceration for the multiple violations of the Uniform Firearms Act ("VUFA"). Appellant's Brief at 24. However, it is well settled that bald claims of excessiveness due to the consecutive nature of sentences imposed will not raise a substantial question. *Commonwealth*

***v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). "Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (quoting ***Commonwealth v. Pass***, 914 A.2d 442, 446–447 (Pa. Super. 2006)); 42 Pa.C.S. § 9721. "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598-599 (Pa. Super. 2010). Here, Appellant, a minor, who was not permitted to carry a firearm and who did not possess a license to carry a firearm, nevertheless chose to brandish a gun on a street in Philadelphia, and he opened fire on a crowd of people severely injuring two young girls. The severity of Appellant's actions and the concomitant tragic results were considered by the trial court, and we conclude that Appellant's aggregated sentence is not excessive under the facts of this case. Accordingly, we find that Appellant's challenge to the consecutive nature of his VUFA sentences fails to raise a substantial question.

However, even if Appellant had raised substantial question, we would find that Appellant's claim lacks merit. We would not conclude that the imposition of consecutive sentences was an abuse of discretion given the nature of Appellant's actions, and he was not entitled to a "volume discount" on his plethora of separate criminal acts. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).[4] We reiterate that Appellant committed multiple crimes under VUFA, and he chose to open fire on a crowd of people resulting in severe injuries to two young girls. Thus, even if Appellant raised a substantial question, we would still conclude that no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2015

---

[4] Appellant cites to a concurring opinion in *Commonwealth v. Baldwin*, 985 A.2d 830 (Pa. 2009), wherein then Chief Justice Castille stated: "Just as defendants are not entitled to volume discounts for multiple crimes, neither should they suffer multiple punishments for the same core conduct[.]" Appellant's Brief at 38 (quoting *Baldwin*, 985 A.2d at 839). Despite the well-reasoned conclusion issued by the Chief Justice, a concurring opinion is not precedential. *See Commonwealth v. Thompson*, 985 A.2d 928, 937 (Pa. 2009) (discussing the lack of precedential value in plurality decisions and concurring opinions).